BARRET vs. BAIL OF LEWIS.

FALL 1810.
First District.

Proceedings against bail stayed, on collusion of plaintiff.

An action having been brought on several notes of hand originally payable to Jno. Wood & Co. executed by Lewis in Baltimore. The defendant, some time after, was confined for debt, made application to one of the Judges for the benefit of the insolvent law of the state of Maryland, executed a bond for his appearance on a future day to answer the allegations of his creditors, was liberated and came to New-Orleans, where the plaintiff, indorser of said notes, followed him and held him to bail. Lewis returned to Baltimore, in compliance with the condition of his bond : in the mean while judgment was had on the notes, and the plaintiff proceeded against the bail.

A motion was now made to stay the proceedings, supported on an affidavit of Lewis and one of Shepperd, the bail. Lewis deposed that a notice of his intention, to apply for the benefit of the act of insolvency, had been timely served on one of the firm of Jno. Wood & Co. and of the day on which he had been bound to appear and answer the allegations of his creditors. That he had appeared accordingly and the matter had been postponed, from day to day, on the motion of the counsel of the firm, with the consent of the deponent to give his creditors the opportunity of examining his books, papers and transactions in business. That the matter

FALL 1810.
First District.

BARRET
vs.
BAIL OF LE-
WIS.

being thus delayed till the latter part of the term, the counsel of the firm and that of Atterbury, another of his creditors, filed allegations which imposed upon him the necessity of procuring evidence from New Orleans, so that the consideration of the allegations could not take place during the term and were accordingly postponed till the next. The deponent further made oath of his belief that the allegations were filed with a view to delay him in obtaining his discharge, until judgment could be had against him in New-Orleans : and his bail could be fixed with the debt, and to the declaration of one of the firm of their expectation of saddling the bail with the debt.

*Shepperd*, the bail, stated in his affidavit the inability of Lewis to pay the debt, that the testimony had been procured and forwarded to Baltimore, and would in the deponent's belief enable Lewis to refute the allegations of his creditors, and that the plaintiff was a partner of Jno. Wood & Company.

*Prevost* and *J. R. Grymes*, in support of the motion. The collusion between the plaintiff and his partner, in Baltimore, in attempting to prevent Lewis from obtaining his certificate till it would be too late for his bail to plead it in their discharge, in the present action, will no doubt induce the court, if they grant no other relief to suspend the proceedings against the bail, till it

be known whether Lewis will obtain his certi-
ficate. The bail is always treated with indul-
gence, where no injury is thereby done to the
plaintiff. 3 *Dallas* 478.

No injury would be done to the plaintiff by
a stay of the proceedings, for if the principal
was surrendered or in custody upon an execu-
tion and afterwards obtained his certificate, the
court would discharge him, as they would the
bankrupt's property in the hands of the Sheriff.
2 *Strange* 1196. 1 *Bos. and Pull.* 427. 1
*Burr.* 244.

THE principal is priviledged from arrest, in
Maryland, in consequence of the Judge's order
there and therefore the bail could not take him
there untill the proceedings on his application
for relief are ended and his final discharge grant-
ed or denied, 1 *Bac.* 342, 3 *Dallas* 378.

ALL the plaintiff ought to expect is that the
bail may stand as security for the principal's
final discharge or surrender. 1 *Strange* 419,
3 *Dallas* 478.

*Duncan* and *Alexander, Contra.* The au-
thorities cited are decisions on the doctrine of
bail as known to the common law of England,
or regulated by British statutes. The territorial
statute gives a remedy, tho' much more sum-
mary, bearing a considerable analogy to the Eng-
lish *Sci. fa.* It allows us, on the return of the
*non est inventus* after ten days notice, to obtain

FALL 1810.
First District.

ELMES
vs.
ESTEVAN.

judgment on motion against the bail, unless good cause be shewn. When at this point we are precisely where bail on a *Sci. fa.* would be when called upon to shew cause. The same cause which could successfully be shewn in England would prevail here, with perhaps the exception of a forced surrender, as our statute contemplates a voluntary one only.

*By the Court.* Bail is required in this territory for the purpose of securing the plaintiff from the flight of the defendant and for no other purpose. It is the same in England. The court will therefore think themselves justified, if in the attainment of justice, they grant to persons who become bail the same indulgence, which the British Judges have granted, when it does not appear that the indulgence was granted there in pursuance of a statutory clause, which is not to be found in our Code.

THEY protect the bail against collusion. So must we. The case appears sufficiently strong to induce us to give time to the parties to place the whole matter fairly before the court.

PROCEEDINGS STAID,